UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES BOYD, SR., | ) | CASE NO. 1:07 CV 977 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WILLIAM MASON, | ) | |
| | ) | |
| Defendant. | ) | |

On April 4, 2007, plaintiff pro se Charles Boyd, Sr., an inmate at the Mansfield Correctional Institution, filed this in forma pauperis civil rights action against Cuyahoga County Prosecutor William Mason. The complaint asserts plaintiff's conviction is invalid because no grand jury was convened, and the court lacked subject matter jurisdiction. As relief, plaintiff asks the court to "vacate a void conviction, and release plaintiff forthwith from an unlawful, and illegal incarceration."

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

The complaint explicitly challenges plaintiff's conviction and resultant confinement in a correctional institution. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475 (1973).

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/Christopher A. Boyko  
CHRISTOPHER A. BOYKO  
UNITED STATES DISTRICT JUDGE

April 18, 2007

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).